IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. |
| ) | |
| ELIZABETH WINHEIM and ) | |
| KEN BURTON, JR., MANATEE COUNTY ) | |
| TAX COLLECTOR, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## COMPLAINT

The United States of America, by and through Maria Chapa Lopez, United States Attorney for the Middle District of Florida, complains and alleges as follows:

### Jurisdiction and Parties

1. This is an action commenced by the United States of America to foreclose tax liens against real property owned by Charles T. Winheim at his death that his estate transferred to defendant Elizabeth Winheim despite the non-payment of federal income taxes shown due on filed returns.

2. This civil action is authorized and sanctioned by the Chief Counsel, Internal Revenue Service, a duly authorized delegate of the Secretary of the Treasury, and has been commenced at the direction of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7401 and 7403.

3. The Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

4. Defendants Elizabeth Winheim and Ken Burton, Jr., Manatee County Tax Collector, are joined as parties to this action pursuant to 26 U.S.C. § 7403(b) as persons as defined in 26 U.S.C. § 7701(a)(1) who may claim an interest in the real property upon which the United States seeks to foreclose its tax liens.

5. This Court is the appropriate venue for this action because the taxpayer resided in this judicial district, 28 U.S.C. § 1396, and the subject real property is located within this judicial district in Manatee County, Florida.  28 U.S.C. §§ 89(b) and 1391(b)(2).

6. The real property upon which the United States seeks to foreclose its liens is a parcel located at 401-403 Clark Lane, Holmes, Beach, Florida 34217 (the "Clark Lane Property") in Manatee County, Florida, within the jurisdiction of this Court, and more particularly described as follows:

> Lot 1, RICHMOND SPRING LAKE ESTATES, formerly known as CLARK SPRING LAKE ESTATES, according to the plat thereof recorded in Plat Book 9, Page 24, of the Public Records of Manatee County, Florida.

**Federal Income Tax Liabilities**

7. Charles T. Winheim died on May 23, 2007.  A petition for administration of Charles T. Winheim's estate was filed June 8, 2007 in the Circuit Court for Manatee County, Probate Division, Case No. 2007 CP 0823.

8. At the time of his death, Charles T. Winheim had not filed federal income tax returns for years 2003 through 2007.

9. By order dated July 7, 2007, the Circuit Court of Manatee County Florida appointed Robert M. Elliott as Curator of the Estate of Charles T. Winheim, who in that capacity filed Form 1040 tax returns for years 2003 through 2007 on behalf of the decedent Charles T. Winheim.

10. On the dates and in the amounts set forth in the table below, a delegate of the Secretary of the Treasury assessed against Charles T. Winheim, deceased, the following federal income tax liabilities and penalties pursuant to the returns filed by Robert M. Elliott as Curator of the Estate of Charles T. Winheim:

| Type of Tax | Assessment Date | Assessed Tax | Assessed Late Payment Penalty |
| --- | --- | --- | --- |
| 2003 Form 1040 | 3/30/2009 | $70,998 | $17,749.50 |
| 2004 Form 1040 | 4/6/2009 | $192,925 | $48,231.25 |
| 2005 Form 1040 | 4/13/2009 | $63,526 | $15,881.50 |
| 2006 Form 1040 | 2/23/2009 | $18,743 | $4,685.75 |
| 2007 Form 1040 | 2/23/2009 | $8,509 | $2,127.25 |

11. The assessments described in paragraph 10 are subject to interest pursuant to 26 U.S.C. §§ 6621 and 6622.

12. A delegate of the Secretary of the Treasury, in accordance with the Internal Revenue laws, gave written notice to the Estate of Charles T. Winheim of the assessments described in paragraph 10, and made demand for payment.

13. Despite notice and demand for payment of the full amount due and owing, only one payment in the amount of $250,000 was made toward the unpaid balance of the assessments described in paragraph 10. Additionally, a partial abatement of late payment penalty in the amount of $17,749.50 was made on August 26, 2013. After crediting decedent's account with both the payment and partial abatement, an unpaid balance remains in the amount of $441,272.18 as of March 1, 2019, with accruals continuing thereafter until paid in full.

<u>Subject Real Property</u>

14. On the date of his death, Charles T. Winheim owned the real property described in paragraph 6 by virtue of a warranty deed dated March 31, 2005.

15. The real property described in paragraph 6 was listed as an asset on the inventory filed with the probate court by Charles T. Winheim's Personal Representative on June 5, 2009.

16. The real property described in paragraph 6 was also listed as an asset on Schedule A of the Form 706 estate tax return filed by Charles T. Winheim's Personal Representative.

17. On the dates of the assessments described in paragraph 10, federal tax liens arose pursuant to 26 U.S.C. §§ 6621 and 6622 against all property of decedent Charles T. Winheim's probate estate, including the real property described in paragraph 6.

18. By Personal Representative's Deed dated December 2, 2010, the Personal Representative of the Estate of Charles T. Winheim transferred the real property described in paragraph 6 to decedent's children, defendant Elizabeth Winheim and Chard T. Winheim.

19. The transfer described in paragraph 18 was made subject to the federal tax liens securing the unpaid federal income tax liabilities, penalties, and interest owed by Charles T. Winheim, deceased.

20. By Warranty Deed dated October 11, 2011, Chard T. Winheim transferred the real property described in paragraph 6 to defendant Elizabeth Winheim.

21. The transfer described in paragraph 20 was made subject to the federal tax liens securing the unpaid federal income tax liabilities, penalties, and interest owed by Charles T. Winheim, deceased.

22. The income taxes described in paragraph 10 are required by 26 U.S.C. § 6903(a) to be paid from the assets of the probate estate of Charles T. Winheim.

23. The federal tax liens described in paragraph 17 have priority over the interest of defendant Elizabeth Winheim in the real property described in paragraph 6.

24. Defendant Ken Burton, Jr., Manatee County Tax Collector, may claim an interest in the real property described in paragraph 6 arising from unpaid ad valorem taxes.

25. The interest of the United States in the real property described in paragraph 6 is superior to each defendant named in this action with the exception of any valid ad valorem tax claim.

   WHEREFORE, the plaintiff, United States of America, prays for the following relief:

   a. That this Court determine and adjudge that Charles T. Winheim, deceased, is indebted to the United States in the total amount of $441,272.18, plus fees and statutory additions thereon as provided by law from March 1, 2019;

   b. That this Court determine that the federal tax liens of the United States of America attach to the real property described in Paragraph 6;

   c. That this Court determine the priority of all claims to and liens upon the real property described in Paragraph 6;

   d. That this Court adjudge and decree that the federal tax liens of the United States be foreclosed on the property described in Paragraph 6, that the property be sold free and clear of the liens and claims of all parties, and that the proceeds of sale be distributed to the United States in accordance with the priority determined by the Court and to the extent of the unpaid balance described in Paragraph 13, plus fees, interest, and statutory additions thereto provided by law;

e. That this Court grant the United States such other and further relief as is just and proper, including its costs of this action.

                              RICHARD E. ZUCKERMAN
                              Principal Deputy Assistant Attorney General

By:   /s/ Mary Apostolakos Hervey
       Mary Apostolakos Hervey
       Trial Attorney, Tax Division
       U.S. Department of Justice
       P.O. Box 14198
       Ben Franklin Station
       Washington, D.C. 20044
       Telephone: (202) 514-6484
       Facsimile: (202) 514-9868
       Mary.Apostolakos.Hervey@usdoj.gov

Of counsel:

Maria Chapa Lopez
United States Attorney

17321522.1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |  |
|---|---|---|
| _Plaintiff_ | ) ) ) | |
| v. | ) ) | Civil Action No. |
| _Defendant_ | ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. |
| *Defendant* | ) ) ) ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: